UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| (1) LEE SCANTLAND, | ) | |
| INDIVIDUALLY AND AS EXECUTOR | ) | |
| OF THE ESTATE OF BERRILYNN | ) | |
| SCANTLAND, AND AS NEXT FRIEND | ) | Civil Action No.  SA-07-CA-0952-XR |
| FOR JAKE SCANTLAND, A MINOR; | ) | |
| (2) JONATHON SCANTLAND; (3) | ) | |
| JENNIFER SCANTLAND; (4) BRAD | ) | |
| BURKHART; (5) BETTY BURKHART; | ) | |
| (6) BRANDI CAMPBELL, AS NEXT | ) | |
| FRIEND FOR GARRETT BURKHART; | ) | |
| AND (7) BRITNEY BURKHART, | ) | |
|      Plaintiffs, | | |
| | | |
| VS. | | |
| | | |
| (8) THE YOKOHAMA RUBBER | | |
| COMPANY, LTD.; (9) YOKOHAMA | | |
| TIRE CORP.; (10) MITSUBISHI | | |
| MOTORS CORP.; AND (11) | | |
| MITSUBISHI MOTORS NORTH | | |
| AMERICA, INC., | | |
|      Defendants. | | |

ORDER

After reviewing the parties' briefings, attached exhibits, and relevant case law, the Court DENIES

the Mitsubishi Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Docket No.

18).

FACTUAL BACKGROUND

This products liability case arises from an automobile accident.  On December 16, 2005,

Plaintiff Britney Burkhart was driving a Mitsubishi Montero in Hawley, Jones County, Texas, when

she lost control of the vehicle and had an accident. Complaint ¶ 3.01.  No other vehicles were involved in the accident.  Plaintiffs allege that the accident was caused by the sudden delamination of the right rear tire.  Complaint ¶ 3.01.  Plaintiffs argue that the detreading of the tire caused Burkhart to lose control of the vehicle and drive into the center median where the vehicle rolled one or more times. Complaint ¶ 3.04.  Three of the Plaintiffs were injured and Berrilyn Scantland, a backseat passenger who was not wearing a seat belt, suffered fatal injuries. Complaint ¶ 3.05.

Plaintiffs filed this suit in the Western District of Texas, San Antonio Division, against Defendants, claiming that the defective designs of the Mitsubishi Montero and the Yokohama tire caused the Plaintiffs' injuries and Scantland's death. Complaint ¶¶ 4.02, 5.03.  Defendants Mitsubishi Motors Corporation and Mitsubishi Motors North America, Inc. (hereafter "Mitsubishi Defendants") then filed a Motion to Transfer Venue (Docket No. 18) requesting that venue be transferred to the Abilene Division of the Northern District of Texas.  The Mitsubishi Defendants argue that venue is proper in the Northern District because the accident occurred there and the convenience factors considered in the venue transfer analysis weigh substantially in favor of transfer. Specifically, they allege that all police, medics and firefighters who responded to the accident live in and around Abilene–which is 260 miles from San Antonio–and therefore transferring venue is more convenient and less costly for all of the "key" witnesses for the case. Motion to Transfer III(D)(2), III(D)(4).

The Mitsubishi Defendants also assert that transfer is favored because the accident and failure of the products in question occurred there.  Motion to Transfer III(D)(3).  They argue that because the records from the accident and immediate post-accident medical care are located in the Abilene Division that evidence is more easily accessible there.  Motion to Transfer III(D)(5).  The

Mitsubishi Defendants argue that Abilene has a greater interest in adjudicating the dispute than San Antonio because the accident occurred there and the witnesses and evidence are located there. Motion to Transfer III(E)(1). They further argue that San Antonio citizens would be unfairly burdened by this litigation because Abilene is the forum with the strongest nexus in the matter. Motion to Transfer III(E)(2).

In response to the Mitsubishi Defendants' Motion to Transfer Venue, the Plaintiffs contend that many sources of evidence are in San Antonio, such as the records regarding the maintenance of the products and follow-up medical care. Plaintiffs' Response to Motion to Transfer II(A) (Docket No. 21) (hereafter "Response"). Plaintiffs argue that there are witnesses in and around San Antonio such that neither the Abilene Division nor the San Antonio Division will have subpoena power over all the witnesses. Response II(B). Plaintiffs claim that San Antonio's interest in adjudicating the dispute is equal to or greater than Abilene's because, although the accident occurred near Abilene, it involves products bought and sold in San Antonio and the death of a San Antonio resident. Response II(E).

## LEGAL ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), the Court has discretion to transfer this case to another district or division where suit might have been brought "for the convenience of parties and witnesses" and "in the interests of justice." A two-step analysis is applied to determine whether transfer is proper under § 1404(a).[1] The Court must (1) decide whether the case might have been brought in the forum to which transfer is sought, and (2) determine whether a transfer is warranted

---

[1] Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).

for the convenience of the parties and witnesses and serves the interests of justice.[2]

Whether a transfer of venue is "convenient" and "in the interests of justice" turns on a number of private and public interest facts, none of which are dispositive.[3]  The private interests include: (1) the accessibility and location of sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses;  and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.[4]  The public interests include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems with conflict of laws.[5] The plaintiff's venue choice is also a relevant factor to be considered in the transfer analysis.[6]

The Court begins by noting that this case could have been brought in the Abilene Division because the accident occurred there.  However, after considering the relevant interests, the Court concludes that the balance of private and public interests is relatively equal when the chosen forum is weighed against the transferee forum and, therefore, the Mitsubishi Defendants have failed to meet the burden required to grant a § 1404(a) motion to transfer venue.

The first factor, accessibility and location of sources of proof, does not readily support

_____

[2] *Id.*

[3] Action Indus., Inc. V. U.S. Fidelity & Guar. Co., 358 F.3d 337, 340 (5th Cir. 2004).

[4] Piper Aircraft Co. V. Reyno, 454 U.S. 235, 241 n.6 (1981); Robertson v. Kiamichi R. Co., L.L.C., 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999).

[5] Piper Aircraft Co. V. Reyno, 454 U.S. 235, 241 n.6 (1981); Robertson v. Kiamichi R. Co., L.L.C., 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999).

[6] *Ex Parte* Chas. Pfizer & Co., 225 F.2d 720, 722 (5th Cir. 1955).

transfer.  Defendants correctly point out that the remains from the accident, any accident reports, and medical records for the immediate post-accident care are located in Abilene.  However, medical records for the follow-up treatment of some plaintiffs along with the purchase and maintenance records for the car and tire are located in San Antonio.  Furthermore, evidence from Defendants about product design and safety will also be necessary and there is no claim that access to this evidence will be easier from Abilene.  The accessibility of evidence factor is neutral.

The Court next considers the availability of compulsory process to secure the attendance of witnesses and the cost of attendance for willing witnesses.  Defendants argue that all key factual witnesses, such as responding police and medics, live and work in or near Abilene.  Affidavits from some of these potential witnesses were submitted; they state that trial in Abilene would be much more convenient, but fail to specify what each witnesses' testimony will be.  Plaintiffs respond  that witnesses as to the purchase and maintenance of the vehicle and tire, as well as physicians who treated plaintiffs' injuries, live and work in or near San Antonio. It appears that a larger number of fact witnesses are located in Abilene and Defendant contends these witnesses are 'key.'  However, Plaintiffs argue that the true key witnesses will be expert witnesses because only experts, and not the police or medics who were at the scene of the accident, are able to testify as to the existence of the defects, if any, of the products in question.   The convenience of expert witnesses is not a factor in this analysis.  However, reliance on expert witnesses is relevant because it is the materiality and importance of the witnesses' testimony, not the number of witnesses, that is relevant to this factor.[7] The Court agrees with Plaintiffs that expert witnesses are likely to make up the majority of the 'key' witnesses in this case.  Furthermore, to the extent on-the-scene emergency personnel are treated as

---

[7] Young v. Armstrong World Indus., Inc., 601 F. Supp. 399, 401 (N.D. Tex. 1984).

'key' witnesses for the defense, the witnesses concerning the products' maintenance should also be treated as 'key' witnesses.   Therefore, due to the fact that witnesses are present in both forums such that neither court would have absolute power to secure attendance of all witnesses, the Court finds that this factor is neutral.   Additionally, direction of travel is not likely to influence the cost of the trip significantly, therefore the Court further finds that cost to willing witnesses is neutral.

Convenience to the witnesses is more important than that of the parties, but the parties' convenience is also relevant.   The Mitsubishi Defendants are corporations whose products are sold across the country; they do not claim that trial in the chosen forum would be inconvenient for them. Plaintiffs, on the other hand, are individuals for whom a trial in Abilene would be highly inconvenient.   The Court finds that the convenience of the parties weighs against transfer.

The first public factor is administrative difficulty flowing from court congestion.   The Court is not so overwhelmed that it cannot hear this case.   This factor weighs against transfer.

The local interest in having localized interests decided at home does not support transferring the case.   Defendants argue that Abilene's interest in deciding this case is great due to the high involvement of its emergency personnel and police in the aftermath of an accident that occurred there.   While it is true that the accident occurred close to Abilene and response teams are located near Abilene, it is also true that the car and tire were both purchased in San Antonio and the accident involved residents of San Antonio and the surrounding area.   Defendants' argument fails to give sufficient weight to San Antonio's interest in deciding a case involving the death of its resident due to an alleged defect in a product sold and purchased there.   This factor weighs against transfer.

The Court does not find the final two public interests, those regarding familiarity of the forum with the applicable law and avoiding conflict of laws, to be an issue in this case.   These factors are

neutral.

The Plaintiffs chose the San Antonio Division to file suit.  A balance of the relevant interests reveals that they do not weigh substantially in favor of transferring this case to the Abilene Division. The Court concludes that Defendants have failed to meet the burden necessary to overcome the deference afforded to the Plaintiffs' choice of forum.

## CONCLUSION

For the reasons set forth above, the Court DENIES the Mitsubishi Defendants' Motion to Transfer Venue to the Abilene Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) (Docket No. 18).

It is so ORDERED.

SIGNED this 10th day of April, 2008.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE